C. L. CULVER, Appellee, v. FAYETTE COUNTY, Appellant.

**Sheriffs:** DEPUTIES: PAYMENT OF SALARIES.   Section 510b, Code
Supp., 1907, requires the sheriff of each county to appoint one
deputy, whose compensation though fixed by the supervisors
is to be paid by the sheriff and not the county; it is only
in cases where the supervisors require additional deputies that
the county becomes liable for the salary of a deputy sheriff.

*Appeal from Fayette District Court.*—HON. A. N. HOBSON,
Judge.

SATURDAY, APRIL 10, 1909.

PLAINTIFF's assignor was deputy sheriff of the de-
fendant county for three years, and this action is brought
to recover from the county the amount of his salary as fixed
by the board of supervisors, namely, $800 per year.   There
was judgment for the plaintiff, and the defendant appeals.
—*Reversed.*

*James Cooney,* County Attorney, and *E. E. Hasner,*
for appellant.

*Clements & Estey* and *D. D. Murphy,* for appellee.

EVANS, C. J.—During the years 1904, 1905 and 1906
one A. D. Blunt was sole deputy sheriff of Fayette County.
In obedience to the statute the board of supervisors had fixed
his salary at $800 per year.   No part of such salary for
any year was ever paid by the county, but was paid by the
sheriff, who took an assignment of his alleged cause of
action against the county, and who is the plaintiff in this

action. He brings his action as such assignee of Blunt. The question presented to us is whether the salary of a deputy sheriff should be paid by the county or by the sheriff, when there is but one deputy sheriff. The question involves the construction of section 510b, Code Supp. 1907, which is as follows:

> In all counties the sheriff shall in writing appoint one or more persons, not holding a county office, as deputy or deputies, for whose acts he shall be responsible and from whom he shall require a bond, which appointment and bond shall be approved by the officer having the approval of the principal's bond; and such appointment may be revoked in writing, which appointment and revocation shall be filed and kept in the auditor's office. In all cases the board of supervisors shall fix the number of deputies and shall fix the salary of such deputies at not exceeding one thousand dollars per annum each in counties having a population of over twenty-eight thousand, and at not exceeding six hundred dollars per annum each in counties having a population of less than twenty-eight thousand; and in all counties the chief deputy shall be paid by the sheriff out of the compensation allowed him under the provisions of the preceding section, and all other deputies shall be paid by the county.

The controversy centers upon the question what is meant by the term "chief deputy" as used in this section of the statute. It is argued by the plaintiff that a "chief" implies subordinates, and that if there be only one deputy, there can be no "chief." On the other hand, it is argued by the defendant that the county is liable under the statute only for the compensation of "all other deputies," and that there can be no "other deputies" unless there be more than one, and that, if there be only one deputy, there are no "other deputies" within the meaning of the statute, and that therefore the county is not liable for the salary of the sole deputy. These arguments are equally plausible, and each falls short of presenting the real solution of the ques-

tion.   The one tends to show the nonliability of the sheriff,
and the other the nonliability of the county.   We must
construe the statute, if possible, so as to find an affirma-
tive liability of one or the other.

It may be conceded that the term "chief deputy" was
not well chosen by the Legislature.   No distinct office or
officer under that name is created by the statute.   We must
assume, therefore, that its use was intended to apply to
a deputy provided for in this section, and we must take
the section by its four corners to gather the meaning there-
from.   The plaintiff argues that, as a matter of fact, sev-
eral counties in the State have several deputies, and that
in such counties one of the deputies is usually known as
the "chief deputy," and that the term as used in this sec-
tion of the statute has application only to such counties.
The statute, however, provides, "and in all counties the
chief deputy shall be paid by the sheriff."   It is quite
manifest from this language that the Legislature intended
to fix a liability upon the sheriff for the payment of a
deputy "in all counties."   It will be observed that this
statute makes the appointment of one deputy mandatory
upon the sheriff of every county.   It confers power upon
the board of supervisors to fix a greater number of depu-
ties.   Prior to the enactment of this statute it was optional
with the sheriff to appoint a deputy or not.   By this stat-
ute the Legislature adopted the view that the public inter-
est required at least one deputy sheriff in every county.
It, therefore, required the sheriff to appoint one, and re-
quired the board of supervisors to fix the amount of his
salary.   Whether in any case there shall be more than
one deputy sheriff is left to the option of the board of
supervisors.   They can exercise that option, however, only
at the expense of the county, and not at the expense of
the sheriff.   We are united in the opinion that the in-
tent of this statute is to charge the sheriff with liability
for the compensation of the one deputy which is manda-

tory in every county, and to charge the county with liability for the compensation of ."all other deputies." That the one deputy created by the mandate of the statute should be referred to therein as the "chief deputy," as distinguished from those who come into official existence at the option of the board of supervisors, is quite consistent with the usages of untechnical speech. Taking ·the statute as a whole, its meaning stands out quite clearly.

We think the trial court erred in the conclusion reached by it, and its judgment must be *reversed*.